UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELISSA STARR,

        Plaintiff,

v.

GEICO,

        Defendant.

**DECISION AND ORDER**
13-CV-812S

1.    *Pro se* Plaintiff, Melissa Starr, alleges that her former employer discriminated against her on the basis of her age.[1] She therefore brings this action under the Age Discrimination in Employment Act (ADEA). Defendant, whom Star names simply as "Geico," argues that most of the acts on which Starr seeks to base her claim are time barred. Starr has responded to that motion and has further moved to amend her complaint to add a claim under New York State's Human Rights Law (NYSHRL).

2.    "The ADEA bans discrimination against employees because of their age. To prevail on an ADEA claim under the McDonnell Douglas 'pretext' rubric, the plaintiff must first establish a prima *facie case* by showing membership in a protected class, qualification for the position, an adverse employment action, and circumstances that give at least minimal support to an inference of discrimination." Galabya v. New York City Bd. of Educ., 202 F.3d 636, 639 (2d Cir. 2000).

---

[1] *Pro se* submissions are construed liberally and are treated as raising the strongest arguments that they might suggest. Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

3.  Starr alleges that she suffered several discriminatory acts at the hands of Geico management. First, Starr claims that her discharge, on June 8, 2011, was a result of age-based discrimination. Geico does not move to dismiss this claim. It does, however, move to dismiss any claim that might arise out of the remaining alleged discriminatory acts. In full, Starr alleges that:[2]

- She was denied an "HR position in feb-march of 2011."
- "On or about" January 1, 2006, she was "denied to apply for supv position instead asked to move from sales Dept to customer service for a reason they found valid which was monitored calls. They needed people in customer service."
- "On or about" April 2011, "Manager Greg Ingrassia stated there is no opportunity for myself or others because Geico has to allow for preparing the candidates for the position of supervisory prep program."
- "On separate occasions during the 2010 + 2011 year I was told this may not be the job or environment for me or culture (age) for me."
- "Denied promotion in 4/11 for a claims adjuster training position."

4.  Geico contends that none of these acts can serve as a basis for an ADEA claim because they are untimely.

Employment-discrimination claims under the ADEA are considered timely if the

---

[2] Anything in quotation marks that follows is taken verbatim from Starr's complaint. This Court has, however, corrected some minor spelling errors.

plaintiff: (1) filed an administrative charge, (2) received a right-to-sue letter, and (3) commenced suit within 90 days of receiving the right-to-sue letter. See 29 U.S.C. § 626(d). Because the alleged discrimination took place in New York, which is a state that has its own anti-discrimination laws and an agency to enforce those laws, the time period for filing claims with the EEOC is extended from 180 days to 300 days, measured from the date of the alleged discriminatory act. 29 U.S.C. §§ 626(d)(2), 633(b). Thus, in New York, a plaintiff has 300 days after the alleged discriminatory act to file a charge with the EEOC. Harris v. City of N.Y., 186 F.3d 243, 248 n. 2 (2d Cir.1999).

Further, "[b]ecause the administrative filing period for . . . ADEA actions is not jurisdictional, but more akin to a statute of limitations, equitable tolling is permissible, but only 'in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights.'" Haghpassand v. Reuters Am. Inc., 120 F. App'x 859, 862 (2d Cir. 2005) (quoting Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003)). Specifically, equitable tolling may be appropriate where a plaintiff can show that she "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass, 333 F.3d at 80.

5.      In conformity with the applicable statute, Starr filed a discrimination complaint with the EEOC on March 12, 2012, before bringing this suit.  After performing an investigation, the EEOC found "no probable cause," and issued Starr a right-to-sue letter, authorizing Starr to bring this action.

6.      It therefore follows that any claims accruing before May 17, 2011 (300 days before the date of EEOC charge) are barred by the ADEA's limitations period (unless they

are saved by equitable tolling). As Geico correctly argues, this precludes all but one of the claims listed in the bullet points above, as the events described by Starr occurred before this cut-off date. The remaining charge – referring to comments made in "2010 + 2011" – will not be dismissed on statute-of-limitations grounds since those remarks were allegedly made partially within the limitations period. But any ADEA claims arising from the other acts would not be timely.

7.  Equitable tolling does not save Starr's efforts to base an ADEA claim on these acts. Starr has had the opportunity to respond to Geico's motion, and in fact did respond by, among other things, seeking to amend her complaint. She did not indicate, and there is nothing in the record to suggest, that "extraordinary circumstances" are present here.

8.  This does not mean, however, that the time-barred occurrences are completely irrelevant. As the Second Circuit has found, "evidence of an earlier alleged [discriminatory] act may constitute relevant background evidence in support of that timely claim." Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 176 (2d Cir. 2005); see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114, 122 S. Ct. 2061, 2066, 153 L. Ed. 2d 106 (2002) (statute of limitations does not "bar an employee from using the prior acts as background evidence to support a timely claim"). But it does mean that the time-barred events cannot constitute materially adverse actions on which she can base her ADEA claim. Morgan, 536 U.S. at 114 ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

9.  There is, as noted, one remaining ADEA allegation that Geico moves to dismiss. Namely, Starr contends that "[o]n separate occasions during the 2010 + 2011 year

I was told this may not be the job or environment for me or culture (age) for me." Though possibly timely, these comments cannot serve as the basis for an ADEA claim for another reason: they are not materially adverse actions.

The comments may constitute evidence that other, true materially adverse actions were made for discriminatory reasons (and, indeed, this may be the reason Starr identified these comments in her complaint), but they are not themselves materially adverse acts. See Galabya, 202 F.3d at 639; Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007)) ("A change that is 'materially adverse' could consist of, *inter alia*, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation.") (internal quotation marks and citation omitted). Simply put, some stray comments referencing "the culture" at Geico cannot, even considered in the aggregate, constitute a materially adverse action.

****

10.   Starr has also moved to amend her complaint. She seeks to add a claim under New York's Human Rights Law. This claim has a different statute of limitations, and thus Starr contends that this "will make the denial of promotion claims timely." (Pl.'s Response, at 1; Docket No. 9.) In other respects, her proposed amended complaint is identical.

11.   The statute of limitations for a claim under New York's Human Right's Law is three years. See N.Y. C.P.L.R. § 214; Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996). Starr filed her original complaint in this case on August 7, 2013; thus, any claim arising before August 7, 2010 would be time barred. Starr claims that she

was denied a promotion "on or about" January 1, 2006; this is clearly well before 2010. Accordingly, adding a claim under the New York Human Rights Law would not make this allegation timely.

12. But Starr also alleges that she was denied promotions and told that "there was no opportunity" for her in 2011. These allegations are timely under the New York's Human Rights law. Geico recognizes as much, but argues her motion should be denied because granting Starr leave to re-plead would be futile.

To determine whether an amended claim is futile, courts analyze whether the proposed pleading would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeal, 282 F.3d 83, 88 (2d Cir. 2002).

Undertaking that analysis, this Court must first clarify that, just as with the ADEA claim, any NYSHRL claim based on alleged comments to the effect of "this may not be the job or environment" for her is not actionable. Indeed, though the state and federal laws differ in some respects, they are subject to the same substantive analysis. See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001) ("[A]ge discrimination suits brought under the [NYSHRL] are subject to the same analysis as claims brought under the ADEA."). This court again cautions, however, that the comments may be relevant for other purposes.

13. Regarding the two alleged promotion denials in 2011 – one for a "claims adjuster" and one for an "HR position" – Geico argues in a cursory fashion that "the Plaintiff, with the exception of being in a protected class has not plead [sic] nor alleged any of the other remaining factors required to support a prima facia [sic] case of discrimination

by the preponderance of the evidence." (Def.'s Reply at 8; Docket No. 10.) But Starr's claim need only have enough information such that "relief [] is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). She need not necessarily plead every element of her *prima facie* case. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002) ("The *prima facie* case . . . is an evidentiary standard, not a pleading requirement."); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007) (reaffirming the continuing vitality of Swierkiewicz).

Accordingly, without further relevant argument, this Court will not deny Starr's motion in this respect on futility grounds. Rather, since leave to re-plead ought to be "freely give[n]," her motion is granted. See Fed. R .Civ. P 15(a)(2).

****

IT HEREBY IS ORDERED, that Defendant's partial motion to dismiss (Docket No. 7) is GRANTED in part and DENIED in part.

FURTHER, Plaintiff's motion for leave to amend her complaint (Docket No. 9) is GRANTED in part and DENIED in part.

FURTHER, Plaintiff must file an amended complaint by June 20, 2014.

Dated:   May 30, 2014
        Buffalo, New York

                                     /s/William M. Skretny
                                     WILLIAM M. SKRETNY
                                         Chief Judge
                                   United States District Court